UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**MOB HOLDINGS, I, LLC, ET AL.**                             **CIVIL ACTION**

**VERSUS**                                                                      **NO. 23-2183**

**STARR SURPLUS LINES**
**INSURANCE COMPANY**                                    **SECTION "O"**

## ORDER AND REASONS

Before the Court is Plaintiffs' motion[1] for reconsideration of the Order and Reasons[2] transferring this first-party-insurance case to the United States District Court for the Southern District of New York under 28 U.S.C. § 1404(a). The Court recounted the facts of this insurance dispute in detail in its Order and Reasons granting Defendant's motion for Section 1404(a) transfer.[3] The Court recounts here only those facts strictly necessary to resolve the motion to reconsider that is before it.

On June 17, 2024, the Court transferred this case to the Southern District of New York under Section 1404(a) and *Atlantic Marine Construction Company v. United States District Court for the Western District of Texas*, 571 U.S. 49 (2013).[4] The Court did so based on a mandatory forum-selection clause in the insurance policy underlying Plaintiffs' Louisiana-law breach-of-contract and bad-faith claims.[5]

---

[1] ECF No. 28.
[2] ECF No. 27.
[3] *Id.* at 2–4.
[4] *Id.* at 14.
[5] *Id.*

The Court's analysis proceeded in three steps. First, the Court concluded that the policy's forum-selection clause was mandatory.[6] Second, the Court concluded that Plaintiffs failed to overcome the strong presumption that the policy's forum-selection clause is enforceable.[7] Instead, Plaintiffs advanced just three arguments against enforcing the forum-selection clause: (1) that Defendant "waived" enforcement of the clause;[8] (2) that the clause's language does not reflect bilateral agreement to litigate in New York;[9] and (3) that despite the forum-selection clause, the Court should require Defendant to complete the Streamlined Settlement Program under the Case Management Order for Hurricane Ida claims before sending the case to the Southern District of New York.[10] The Court considered and rejected each of these arguments.[11] Importantly, although the arguments were available at the time, Plaintiffs did not contend that the forum-selection clause violated Louisiana public policy or that enforcing it would rob them of any Louisiana-law substantive right.[12]

Third and finally, the Court concluded Plaintiffs had not carried their burden to show that "this is one of the rare cases in which the public-interest . . . factors favor keeping [the] case despite the existence of a valid and enforceable [forum-selection clause]."[13] *Weber v. PACT XPP Techs., AG*, 811 F.3d 758, 776 (5th Cir. 2016).

---

[6] *Id.* at 7.
[7] *Id.* at 8–12.
[8] ECF No. 13 at 8–16.
[9] *Id.* at 16–20.
[10] *Id.* at 20–21.
[11] ECF No. 27 at 8–13.
[12] *See generally* ECF No. 13.
[13] ECF No. 27 at 12–13.

Accordingly, because the Court concluded that the "forum-selection clause is (1) mandatory and (2) enforceable, and (3) the public-interest factors do not defeat enforcement of it," the Court granted Defendant's motion to transfer.[14] The Court did not *sua sponte* stay its transfer order upon issuance because the three, limited arguments Plaintiffs raised in opposition to transfer were categorically without merit.

Two days after the Court transferred the case to the Southern District of New York, on June 19, Plaintiffs moved the Court to reconsider.[15] The motion contends that a June 5 Louisiana intermediate-appellate-court opinion—*Richard's Clearview, LLC v. Starr Surplus Lines Ins. Co.*, 24-114 (La. App. 5th Cir. 6/5/24); 2024 WL 2844419, at *1–8—worked "an intervening change in Louisiana law" that reveals the forum-selection clause in Defendant's insurance policy to be unenforceable.[16]

Plaintiffs did not move the Court to stay its June 17 transfer order or otherwise seek to expedite their June 19 motion for reconsideration.[17] Instead, Plaintiffs simply noticed the motion for reconsideration for submission on July 10.[18]

While Plaintiffs' un-expedited motion for reconsideration was still pending, on June 25, transfer was completed.[19] The Southern District of New York docketed this

---

[14] *Id.* at 13.
[15] ECF No. 28.
[16] ECF No. 28-1 at 1.
[17] *See generally* Docket Sheet, *Mob Holdings, I, LLC v. Starr Surplus Ins. Co.*, No. 23-CV-2183 (E.D. La. July 5, 2024).
[18] ECF No. 28-3.
[19] ECF No. 31.

3

case as Civil Action No. 1:24-CV-04825 at 12:37 p.m. that day.[20]

Turning to the motion, Plaintiffs contend the Court should reconsider its Order and Reasons transferring this case to the Southern District of New York because *Richard's Clearview* worked an intervening change in law that reveals Defendant's forum-selection clause to be unenforceable under Louisiana law.[21] But the Court cannot reach the questionable merits of Plaintiffs' arguments because the Court lacks jurisdiction.

A district court loses jurisdiction over a case it transfers to a district court in another circuit. *See, e.g.*, *In re Red Barn Motors, Inc.*, 794 F.3d 481, 484 (5th Cir. 2015) (per curiam) (internal citation omitted) (observing that a district court "lost its jurisdiction" over a case transferred to a district court in the Seventh Circuit). "Once the files in a case are transferred physically to the court in the transferee district, the transferor court loses all jurisdiction over the case." *Def. Distrib. v. Platkin*, 55 F.4th 486, 492 (5th Cir. 2022) (internal citation and quotation marks omitted).[22]

---

[20] *Id.* at 1; *see also* Case Transfer, *MOB Holdings, I, LLC v. Starr Surplus Ins. Co.*, 1:24-CV-04825 (S.D.N.Y. June 25, 2024), ECF No. 28 (confirming receipt of "certified copy of transfer order and docket entries").

[21] *See, e.g.*, ECF No. 28-1 at 1.

[22] *Accord, e.g.*, *Santiago–Lugo v. Tapia*, 188 F. App'x 296, 297 (5th Cir. 2006) (per curiam) ("[W]hen a transfer of a case has been completed, the transferor court—and the appellate court that has jurisdiction over it—lose all jurisdiction over the case." (internal citation and quotation marks omitted)); 15 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE & PROCEDURE § 3846 (4th ed.) ("When a motion for transfer under [Section] 1404(a) is granted and the papers are lodged with the clerk of the transferee court, the transferor court and the appellate court for the circuit in which that court sits lose jurisdiction over the case and may not proceed further with regard to it."); *Mlodzianowski v. Markus*, No. SA-20-CV-01142-OLG, 2021 WL 6750852, at *1–2 (W.D. Tex. Oct. 7, 2021) (holding that district court lost jurisdiction to reconsider a transfer order after case was docketed in the transferee court); *De la Cruz v. Graber*, No. 3:14-CV-3846-D, 2015 WL 4508441, at *1 (N.D. Tex. July 24, 2015) (same); *Home Furnishings Store, Ltd. v. Stiles Mach., Inc.*, No. 11-CV-698, 2011 WL 6329869, at *1–2 (E.D. La. Dec. 19, 2011) (same).

Here, the Court "los[t] all jurisdiction" over this case on June 25, at the latest, when transfer of the case to the Southern District of New York was completed.[23] *Id.* (internal citation and quotation marks omitted). The Court therefore lacks jurisdiction to consider the merits of Plaintiffs' motion to reconsider. *See id.*

Accordingly,

**IT IS ORDERED** that Plaintiffs' motion[24] for reconsideration is **DISMISSED** for lack of jurisdiction

**IT IS FURTHER ORDERED** that, because the Court lacks jurisdiction, Plaintiffs' motion[25] to reopen and Plaintiffs' motion[26] to expedite consideration of Plaintiffs' motion to reopen are also **DISMISSED** for lack of jurisdiction.

New Orleans, Louisiana, this 10th day of July, 2024.

_____
BRANDON S. LONG
UNITED STATES DISTRICT JUDGE

---

[23] *See* ECF No. 31 at 1.
[24] ECF No. 28.
[25] ECF No. 32.
[26] ECF No. 33.